IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,951-01






EX PARTE JACOB THEODORE MONROE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM TAYLOR COUNTY

IN CAUSE NO. 14530-B

IN THE 104TH DISTRICT COURT



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of robbery and was sentenced to confinement for five years. Applicant's
conviction was affirmed on appeal. Monroe v. State, No. 11-04-00015-CR (Tex.
App.--Eastland, delivered January 31, 2005, pet. ref'd.).

 Applicant contends, among other things, that his due process rights were violated, that
the State failed to disclose evidence, and that counsel was ineffective. 

 On December 27, 2005, the trial court entered an order requesting that the State and
trial counsel submit affidavits. Before the affidavits were submitted, however, the trial court
instructed the district clerk to forward the application to this Court. We believe the
application was prematurely forwarded to this Court. Therefore, it is this Court's opinion that
additional facts need to be developed, and because this Court cannot hear evidence, the trial
court is the appropriate forum. The trial court may resolve those issues as set out in Tex.
Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order affidavits, depositions, or
interrogatories from the State and trial counsel, or it may order a hearing. In the appropriate
case the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant's due process rights were violated, whether the State failed to
disclose evidence, and whether counsel was ineffective. The trial court shall also make any
further findings of fact and conclusions of law it deems relevant and appropriate to the
disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 1 DAY OF March, 2006.


 

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.